IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY GEORGE PINTO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-3249 |
| § | |
| GULF STREAM COACH, INC., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Defendant Gulf Stream Coach, Inc.'s ("Gulf Steam") Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6). (Doc. No. 7). The response Plaintiff Gregory George Pinto ("Plaintiff") filed was a stipulation for dismissal of some of his claims against Gulf Stream. (Doc. No. 11). After considering Motion, the stipulation, and the applicable law, the Court dismisses Plaintiff's state and federal breach of warranty claims and issues an order for Plaintiff to show cause why the entire case against Gulf Stream should not be dismissed.

### I.  Background

According to the Complaint, Plaintiff bought a new 2017 Gulf Stream Conquest 6316 (the "Vehicle") from Defendant Holiday World of Katy, LLC ("Holiday World") for nearly $65,000 in January 2018. (Doc. No. 1 at 2). As part of that transaction, Holiday World and Gulf Stream (collectively, "Defendants") allegedly made express warranties that "any malfunction in the [Vehicle], occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the [Vehicle] had, in fact, repaired the defects." (*Id.* at 3).

Between March 2018 and January 2019, the Vehicle was out of service to be repaired for over 145 days. (*Id.* at 4–8). Nevertheless, the alleged defects were not cured, and the Vehicle was allegedly not brought into conformity with the Defendants' warranties. (*See id.* at 8).

On August 28, 2019, Plaintiff filed this lawsuit alleging that Defendants had: (1) violated the Texas Deceptive Trade Practices Act; (2) violated the Magnuson-Moss Warranty Act (15 U.S.C. § 2301); (3) breached express warranties and/or a contract; (4) breached implied warranties; (5) acted with negligence and negligent misrepresentation; (6) breached a contract; and (7) negligently repaired the Vehicle.[1] (Doc. No. 1 at 9–17). Broadly, Plaintiff accuses Defendants of failing to repair the Vehicle in such a way that brings it into conformity with the express and implied warranties they gave him. (*See id.* at 8).

Gulf Stream filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6). (Doc. No. 7). It asserts that Plaintiff filed a complaint with the Texas Department of Motor Vehicles in November 3, 2018. (Doc. No. 7-1, p. 2). In connection with that complaint, in July 2019, the Department found that Plaintiff's alleged issues did not fall under Gulf Stream's warranty. (*Id.* at 2–4; *see also* Doc. No. 7, Ex. A (Texas Department of Motor Vehicles' Decision and Order)). Gulf Stream thus argues that Plaintiff's claims should be dismissed. (Doc. No. 7-1, pp. 5–6). Alternatively, Gulf Stream claims the Court lacks subject-matter jurisdiction. *See* TEX. OCC. CODE § 2301.751(a) (providing that a final order from the Texas Department of Motor Vehicles can be appealed to either: (1) a district court in Travis County; or (2) the court of appeals for the Third Court of Appeals District.).

---

[1] Plaintiff alleges, and the Defendants do not dispute, that both Plaintiff and Holiday World are citizens of Texas. (*See* Doc. No. 1 at 1). Accordingly, subject-matter jurisdiction is based upon federal question jurisdiction under 28 U.S.C. § 1331 as to the Magnusson-Moss Warranty Act claim and supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining causes of action. (*See id.* at 2).

2

Plaintiff did not file an opposition to the motion. Instead, he filed—over two months after the deadline to respond—a document entitled "Consent Judgment" as to Gulf Stream's Motion.[2] (Doc. No. 11). It states that the parties have agreed that:

> IT IS ORDERED, ADJUDGED, AND DECREED, that the Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) filed by Gulf Stream [Doc. No. 7] is hereby GRANTED in part and DENIED in part. Gulf Stream is dismissed from the claims by Plaintiff in his Complaint that fall under Tex. Occ. Code Ann. § 2301.601 – § 2301.613(West), and preserving any and all other claims against Gulf Stream Coach, Inc and Holiday World of Katy, LLC.

(*Id.*). The document is not signed by either party. (*Id.*). Nevertheless, the Court will accept Plaintiff's representation and will assume that at the very least the Plaintiff (the party who filed the document) is bound by it.

## II. Analysis

Assuming that at least the Plaintiff has so stipulated, the Court notes that the stipulation is, nonetheless, far from a model of clarity. First, the phrase "the claims that fall under" Texas Occupations Code §§ 2301.601–.613 leaves a certain level of ambiguity as to which claims the Court is dismissing. Similarly, it is unclear what portion of Gulf Stream's Motion to Dismiss is being denied. Since the statutes identified are under the "Warranties: Rights of Vehicle Owner" subchapter, it seems apparent that Plaintiff's claims for "breach of express warranties and/or contract" and for breach of implied warranties are being covered by the document.

---

[2] The Southern District's Local Rules state that "[o]pposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel. . . . Failure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.3, 7.4; *see also* Hanen L.R. 7(D). Therefore, the local rules would allow the Court to grant Gulf Stream's motion as it should be considered unopposed. However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citation omitted). In other words, where a party does not respond to a motion to dismiss, such failure does not automatically warrant a severe measure, such as dismissal with prejudice. *See, e.g., Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980).

Many of Plaintiffs' other claims against Gulf Stream, however, also revolve around the existence and breach of warranties on the Vehicle. Most significantly, the Magnuson-Moss Warranty Act provides, in relevant part:

> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title . . . or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . .

15 U.S.C. § 2310(d)(1).

In other words, the Magnuson-Moss Warranty Act creates a statutory cause of action for consumers harmed by the failure to comply with an obligation that is either: (1) imposed by the Magnuson-Moss Warranty Act itself; or (2) established by a written warranty, implied warranty, or service contract. *See Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 474 (5th Cir. 2002). Plaintiff does not identify any statutory obligation under the Magnuson-Moss Warranty Act that would establish a cause of action under the first prong of 15 U.S.C. § 2310(d)(1)—a failure to comply with an obligation imposed by the Act itself. *See id.*

Plaintiff therefore must rely on the second prong—the failure to comply with an obligation established by a written or implied warranty. *See id.* Any such express or implied warranty, however, must arise under state law. *Bates v. Monarch Dental Servs.*, No. 3:19-cv-0253-K, 2019 WL 5067904, at *2 (N.D. Tex. Oct. 9, 2019) ("The [Magnuson-Moss Warranty Act] does not provide an independent basis for liability, but instead provides a federal cause of action for state law express and implied warranties claims.") (internal citations and quotations omitted). Thus, Plaintiff's dismissal of claims that "fall under" the Texas statute dealing with warranties on vehicles also precludes him from having a viable claim under the Magnuson-Moss Warranty Act against Gulf Stream.

Accordingly, the Court must interpret Plaintiff's stipulation as a dismissal of their Magnuson-Moss Warranty Act claim concerning Gulf Stream. Additionally, without a federal cause of action, there is no federal question jurisdiction. As a general rule, when a federal claim that is the basis for federal subject-matter jurisdiction is dismissed, the state claims that the Court could otherwise adjudicate under supplemental jurisdiction should also be dismissed.[3] *See, e.g., Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989); *Avalos v. Lucio*, No. 1:16-cv-220, 2017 U.S. Dist. LEXIS 155656, at *20 (S.D. Tex. July 25, 2017) ("When all federal claims are dismissed, generally any other pendent claims are dismissed.") (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999)). Thus, because there is no longer a federal claim in this case as to Gulf Stream, the remaining claims against Gulf Stream should also be dismissed <u>without prejudice</u> for want of subject-matter jurisdiction. *See Bass*, 180 F.3d at 246 ("[T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court.") (emphasis in original).

### III. Conclusion

The Court interprets Plaintiff's stipulation (Doc. No. 11) to dismiss all warranties claims, which by necessity, includes his claims under the Magnuson-Moss Warranty Act as to Gulf Stream. That being the case and since the remaining causes of action pleaded against Gulf Stream arise under state law, over which the Court no longer has subject-matter jurisdiction over since the sole claim giving the case federal question jurisdiction (the Magnuson-Moss Warranty Act) is gone. Accordingly, the non-warranty related state law claims against Gulf Stream must be dismissed as well.

---

[3] As discussed above, the parties are not completely diverse. *See supra* note 1.

If Plaintiff disagrees with the Court's interpretation of his stipulation, then he should file an objection to this order by **April 10, 2020.** Otherwise, the Court will enter a further order dismissing all of Plaintiff's claims against Gulf Stream.

Signed at Houston, Texas, this 19th day of March, 2020.

Andrew S. Hanen
United States District Judge